Citation Nr: 1508856 
Decision Date: 02/11/15 Archive Date: 03/11/15

DOCKET NO. 12-31 343 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUES

1. Entitlement to a separate, compensable evaluation for headaches associated with a service-connected cervical spine disability, prior to March 28, 2013. 

2. Entitlement to an initial evaluation in excess of 30 percent for headaches associated with a service-connected cervical spine disability. 

( The issue of entitlement to an initial rating in excess of 20 percent for cervical radiculopathy of the right upper extremity is the subject of a separate decision.)


REPRESENTATION

Appellant represented by: Disabled American Veterans




ATTORNEY FOR THE BOARD

J. Nichols, Associate Counsel


INTRODUCTION

The Veteran had active service from January 1977 to December 1983.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. It has otherwise been under the jurisdiction of the RO in Boston, Massachusetts.

A hearing with respect to the issues listed on the title page was conducted by the undersigned Veterans Law Judge in April 2011. In August 2013, the Veteran testified before a different Veterans Law Judge with respect to the issue of entitlement to an initial rating in excess of 20 percent for cervical radiculopathy of the right upper extremity, which will be addressed in a separate decision. 

By way of relevant history, in an April 2014 decision, the Board denied a rating in excess of 20 percent for a cervical spine disability and assigned a separate 30 percent rating for headaches associated with the cervical spine disability effective March 28, 2013 (date of VA examination). The appellant then appealed the Board's decision to the United States Court of Appeals for Veterans' Claims (Court). A Joint Motion Partial Remand (JMR) was filed by the parties and subsequently granted by the Court in November 2014. The Court remanded these two issues to the Board for further development pursuant to 38 U.S.C.A. § 7252(a). The appeal as to the remaining issues has been dismissed.



FINDING OF FACT

For the period of the appeal prior to March 28, 2013, the Veteran's headaches resulted in prostrating attacks of headache pain occurring more than once per month.


CONCLUSION OF LAW

The criteria for a separate 30 percent rating for headaches have been met for the period of the appeal prior to March 28, 2013. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.321, 4.1, 4.2, 4.7, 4.124a, Diagnostic Code 8100 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. The percentage ratings are based on the average impairment of earning capacity and individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.1 (2014). Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3. 

Schedular ratings for disabilities of the cervical spine are provided by application of the General Rating Formula for Diseases or Injuries of the Spine (General Formula). 38 C.F.R. § 4.71a. The General Formula specifies that the criteria and ratings apply with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area affected by residuals of injury or disease. Id. The Board also notes that the General Rating Formula requires associated objective neurologic abnormalities to be evaluated separately under an appropriate diagnostic code. As previously mentioned, the April 2014 Board decision initially assigned a separate 30 percent rating for headaches associated with the cervical spine disability, and assigned an effective date of March 28, 2013. The Board is considering herein whether a separate rating is warranted for headaches for the period prior to March 28, 2013. 

Diagnostic Code 8100 addresses headaches and provides as follows: A 50 percent rating for very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability; a 30 percent evaluation for characteristic prostrating attacks occurring on an average once a month over the last several months; 10 percent for characteristic prostrating attacks averaging one in 2 months over the last several months; and a noncompensable rating with less frequent attacks. 38 C.F.R. § 4.124a.

During his February 2006 VA neurological examination, the Veteran reported headaches of the migraine type. However, no objective findings were recorded. During his May 2012 VA examination, the Veteran reported having headaches every day, with heavier headaches occurring 2 to 3 times per week. Headaches were occasionally accompanied by nausea. The examiner determined that the Veteran did not have any prostrating attacks of headache pain. However, a March 28, 2013 VA examination report noted prostrating attacks of non-migraine headache pain occurring more frequently than once a month. The symptoms that the Veteran reported to the March 2013 VA examiner were as follows: he had occasional vomiting with headaches; he reported having headaches every day with heavier ones 2 to 3 times per week, with the heavier ones lasting from a couple of hours to all day. 

The Veteran testified at his April 2011 Board hearing that he experiences headaches or migraines a couple of times per month, depending on movement. Br. Hrg. Tr. at 12. He stated that he has to lay down when this happens. Id. He also stated that he gets a headache every now and then that just "knocks [him] to the floor." Id. at 6. 

The Board recognizes that the March 28, 2013 VA examiner acknowledged prostrating attacks of non-migraine headache pain occurring more frequently than once a month, which is consistent with the criteria for a 30 percent rating. This was the basis for the effective date previously assigned by the Board's April 2014 decision. However, upon further review, the Board finds that the Veteran has consistently relayed his symptoms on this record, to include his reports to the May 2012 examiner, which is consistent with the symptoms that he had reported to the March 2013 examiner. The only difference was that the March 2013 VA examiner acknowledged that the Veteran had prostrating attacks of headaches more frequently than once per month and the May 2012 had not done so. The Board points out that the May 2012 VA examiner also erroneously reported "no" to the question of whether the Veteran currently has headaches or has ever been diagnosed with a headache condition (when in fact this has been disproven by that very report). 

The Board acknowledges that the Veteran is considered to be competent to report what comes to him through his senses, such as headaches, to include the frequency, duration, and severity of such headaches. Layno v. Brown, 6 Vet. App. 465, 469-71 (1994). The Veteran is also competent to describe his symptoms and their effects on employment or daily activities. Thus, after considering the medical and lay evidence of record, the Board finds that the Veteran's statements as to the frequency and severity of his headaches to be competent and credible evidence establishing that the Veteran's headache disability was demonstrative of a consistent disability picture for the entire period of the appeal. In other words, the March 28, 2013 VA examination cannot be set as the effective date for the 30 percent assignment of a separate rating for headaches; this is not the date that it can be factually ascertained that the Veteran experienced prostrating attacks of headaches more frequently than once per month. The evidence shows that such prostrating attacks pre-existed this examination. Accordingly, for the period prior to March 28, 2013, a 30 percent rating for headaches is warranted. 

By this decision, the Board has created a uniform period of the appeal as the evidence demonstrated that the Veteran's headaches disability remained consistent with the 30 percent rating that he was awarded. With respect to whether he is entitled to an initial rating in excess of 30 percent for headaches (for the entire period of the appeal), as the Board is remanding this matter below, no 
additional discussion as to a rating in excess of 30 percent or extraschedular consideration is necessary at this juncture.
.

ORDER

A separate 30 percent evaluation for headaches is granted for the entire appellate period prior to March 28, 2013.


REMAND

Pursuant to the November 2014 Court Order and pursuant to the terms of the JMR, the Board remands the issue of entitlement to an initial evaluation in excess of 30 percent for headaches associated with the service-connected cervical spine disability. The parties agreed that the March 2013 VA medical opinion was inadequate with respect to the issue of whether the Veteran's headaches have an effect on his employment. Thus, the Board will obtain an updated VA examination that fully addresses any effect that the Veteran's headaches have on his ability to work. Any recent VA treatment records should also be obtained.

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain the Veteran's treatment records from the Boston and Northampton VA treatment facilities, dated since September 2014.

2. Thereafter, make arrangements for the Veteran to be afforded a VA neurological examination to determine the severity of his service-connected headaches. The claims file and a copy of this remand must be made available to the examiner for review in conjunction with the examination. All necessary special studies or tests are to be accomplished.

Following a clinical evaluation, the examiner must discuss whether the Veteran's headaches result in any characteristic prostrating attacks with an estimation as to the average number of any such attacks, or whether the headaches have resulted in very frequent completely prostrating and prolonged attacks producing severe economic inadaptability. 

In this regard, the examiner must specifically describe the impact of the Veteran's service-connected headaches on his employability from August 2005 to the present.

A complete rationale for all opinions must be provided.

3. After completing the above actions and any other development as may be indicated as a consequence of the action taken in the preceding paragraph, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefits sought are not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other 

appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).


Department of Veterans Affairs